**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
**In Re:**                                                        **Chapter 13**

**George Del Fierro**                                   **Index No. 03-23950**
_____x

                                                        **Adv. Proc. No. 08-**

**George Del Fierro**
      **Plaintiff,**


              vs

**CHASE MANHATTAN MORTGAGE CORPORATION**
**JP Morgan Chase Bank, f/k.a The Chase Manhattan Bank**
**Successor by Merger to Bank One, N.A.**

      **Defendant.**
_____x

**Complaint Seeking Damages in Core Adversary Proceeding**
**For Violation of RESPA**

**Introduction**

    1.    This is an action for actual and punitive damages filed by the debtor pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

**Jurisdiction and Venue**

    2.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

    3.    This Court has both personal and subject matter jurisdiction to hear this case pursuant

1

to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of New York on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8. The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 in the above-captioned case.

9. The Defendant, Chase Manhattan Mortgage Corporation JP Morgan Chase Bank, f/k/a The Chase Manhattan Bank, Successor by Merger to Bank One, N.A. (hereinafter "CHASE") is a mortgage banking corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 250 West Huron Road, Cleveland OH 44113.

**Factual Allegations**

10. The Chapter 7 case was commenced by the filing of a voluntary petition with the Clerk of this Court on November 24, 2003. The Chapter 7 case of the Plaintiff herein was converted to a Chapter 13 on September 8, 2004 wherein the Bankruptcy Noticing Center notified Defendant of Plaintiff's bankruptcy case.

11. The 341(a) meeting of creditors in this case was held in White Plains, New York on January 15, 2004.

12. The Chapter 13 plan of the Plaintiff was filed on June 21, 2004.

13. The Chapter 13 plan as filed included a debt to CHASE which was scheduled as a debt secured by a mortgage on the residential real estate of the debtor with an estimated value of $284,156.00. The Plaintiff avers that the plan provided for the cure of the pre-petition arrears to CHASE.

14. The Plaintiff alleges that CHASE received notice of the 341(a) meeting from documents mailed by the Trustee's office.

15. The Defendant filed a sworn proof of claim with the Clerk of this Court dated October 6, 2004. A true copy of the claim was sent to the Chapter 13 Trustee for the mortgage arrears in the amount of $0 and the total claim amounting to $18,724.54.

16. A Motion for Relief of Stay was filed on September 26, 2006.

17. An Order denying CHASE Motion for Relief of Stay was filed by CHASE on November 14, 2006.

18. An Order imposing Sanctions against CHASE was filed on November 14, 2006.

17. The Plaintiff believe that he is being charged unauthorized late fees, that his payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

18. The Plaintiff took these matters up with his attorney as he believed he was current on the payments. The debtor's attorney tendered a "Qualified Written Request" via DHL to CHASE, pursuant to the Real Estate Settlement Procedures Act on or about October 10, 2007.

19. The Plaintiff avers that the Defendant received the Qualified Written Request.

20. As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtor's attorney, or with the debtor to respond to or acknowledge the aforesaid Qualified Written Request regarding the subject account.

**Claim for Relief**

21. The allegations in paragraphs 1 through 19 of this complaint are realleged and incorporated herein by this reference.

22. The Defendant is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code. Mortgage recorded 09/04/98 in the Rockland County Clerk Office as Instrument Number 1998-00043291.

23. The "qualified written request" was not acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

24. The Defendant did not, within 60 days of receipt of the "qualified written request,"

4

provide the information requested and inform the Plaintiff of its actions as required by Section

2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

25. The Defendant has failed to comply with Section 2605 of Title 12 of the United States

Code and failed to credit Plaintiff for payments made on the mortgage.

26. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section

3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and reasonable

attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of

the United States Code.

WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant

respectfully pray of the Court as follows:

- A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

- B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

- C. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

- D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

- E. That the underlying debt to CHASE be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid

in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F.    That this Court order the Defendant to pay to the Plaintiff their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: July 1, 2008  
Spring Valley, New York

_____/s/_____  
Shmuel Klein (SK 7212) Fed Court Only  
Law Office of Shmuel Klein, PC  
Attorney for Plaintiff  
268 ROUTE 59  
Spring Valley, NY 10977  
(845) 425-2510